McGinnis, Appellant, vs. Northern Paper Mills, Respondent.

*October 6—October 24, 1911.*

*Master and servant: Duty to guard dangerous machinery: Evidence:*
*New trial: Erroneous instructions to jury: Appeal: Questions*
*for jury.*

1. The duty imposed upon an employer by sec. 1636*j*, Stats. (1898),
   to securely guard dangerous machinery is discharged if he
   provides therefor as effective a guard as ordinarily careful and
   prudent employers under like circumstances would and do
   deem it their duty to furnish.
2. Where, in granting a new trial on the ground that the charge to
   the jury was erroneous, the trial court interpreted such charge
   as requiring defendant, under sec. 1636*j*, Stats. (1898), to an-
   ticipate all possible injury that might result from a failure to
   securely guard dangerous machinery, and as making him re-
   sponsible for all injuries caused thereby, this court accepts
   such interpretation and affirms the order, although it is not
   entirely clear that the jury did not, in view of the whole
   charge, understand and apply the law correctly.
3. The evidence in this case is *held* not to show as a matter of law
   that defendant was guilty of a want of ordinary care in fur-
   nishing the guard it did.
      Winslow, C. J., dissents.

Appeal from an order of the circuit court for Brown
county: S. D. Hastings, Circuit Judge. *Affirmed.*

This is an action to recover damages for personal injuries
alleged to have been caused by the negligence of the defend-
ant in failing to securely fence or guard the machinery
wherein the plaintiff was injured.

It is conceded that under the provisions of sec. 1636*j*,
Stats. (1898), the machine in which plaintiff was injured
should be guarded or fenced, and the questions litigated were
whether it was securely guarded within the meaning of this
section and the question of the plaintiff's contributory negli-
gence.

At the time the injury was received the plaintiff was employed as a machine tender in the paper mills of the defendant at Green Bay. He had worked in paper mills for some thirty years and was familiar with the machinery in which he received his injury. He was engaged in picking up from the bed of the machine a monkey wrench, and in doing this he reached over the top rail of the guard or fence and at the same time leaned upon it. He testified that the rail yielded to the pressure from his body while he was leaning thereon and reaching down for the wrench and that this caused him to pitch toward the moving wheels, and that in the act of recovering himself his hand was caught in the meshing of a large core wheel and pinion, resulting in the loss of his hand.

There was evidence in the case that the end post of the guard or fence was loose and that it had been loose for some time. There was also evidence that it was sometimes loosened from the floor and moved from its place near the machine when repairs were being made on the machine, and that it was renailed to the floor when it was set back in place. The plaintiff testified that he did not know that it was loose. It appears that the plaintiff might have reached between the rails of this fence for the monkey wrench and that in doing so he would not have leaned against it. He could also have reached the wrench from the other side of the machine.

At the close of the testimony the defendant moved for a directed verdict on the grounds that (1) it appeared as matter of law that the guard or fence furnished was sufficient if the plaintiff had reached for the wrench under the cross-bar of the fence, which it is claimed is the way the defendant had the right to assume the plaintiff would do the work in the exercise of ordinary care, and (2) that the plaintiff was guilty of negligence in reaching over the top of the fence or guard, as that way of doing the work was an obviously dangerous one. The court denied this motion.

Various requests for instructions based on the theory of liability embodied in the motion above mentioned were denied.

The jury returned the following verdict:

"(1) Was the gearing by which the plaintiff was injured, so located as to be dangerous to the defendant's employees in the discharge of their duties, when not guarded or fenced? *A*. Yes.

"(2) If your answer to the first question should be 'Yes,' then answer this: Was said gearing, at the time of plaintiff's injury, securely guarded or fenced for safeguarding him in the performance of a duty of his which he was performing then? *A*. No.

"(3) If your answer to the second question should be 'No,' then answer this: Was the failure to have said gearing securely guarded or fenced, the proximate cause of the plaintiff's injury? *A*. Yes.

"(4) Was the mode adopted by the plaintiff for reaching the wrench, one which exposed him to greater apparent danger, than that of reaching through the side of the fence for it? *A*. No.

"(5) Was the mode adopted by the plaintiff for reaching the wrench, one which exposed him to greater apparent danger, than that of reaching through to the bed of the machine from the rear? *A*. No.

"(6) What amount of money will compensate the plaintiff for his injury? *A*. $6,250."

In connection with question No. 2 of the special verdict the court had instructed the jury as follows:

"The law only required the guard or fence to be adequate for certain purposes, which are safeguarding employees in the discharge of their duties. In placing and maintaining the guard, the employer is bound to anticipate everything a person of ordinary intelligence and prudence, circumstanced as he was, would reasonably anticipate that an employee in the line of his duty might be required to do, or that it would be reasonable to expect that he might do, and make his guard or fence sufficient to safeguard him while so acting, but he is not bound to so fence or guard as to safeguard the employee

while doing things not reasonably to be anticipated that he would do or attempt to do, or while performing his duty in a negligent manner.

"By way of illustration, if no employee in the discharge of his duties would ever be called upon to reach down under the core wheel while in motion, and there would be no reason for anticipating reason for his doing so, and the only duty that any employee would be called upon to perform that would bring him near the cogs would be passing by or standing near enough to oil bearings, the guard or rail would be sufficient that would safeguard the employee in the discharge of that duty, although it might not be sufficient to safeguard a party while attempting to get his hand down under the wheel or cogs while in motion; but if it is within the reasonable anticipation that an employee would have occasion to reach under the wheel while in motion, then the test is: Was it sufficiently guarded so as to safeguard an employee while doing that thing in the exercise of ordinary care? The question calls for your determining whether the plaintiff was doing something which it was his duty to do, or it was within the reasonable anticipation of the defendant that he would do; and when I use the term 'defendant,' I mean the officers, agents and employees of the defendant charged with the transaction of their business, and whether the guard was sufficient to safeguard the plaintiff while performing that duty. If it was sufficient for the purpose, for that purpose, it is enough. There is involved in that question, the consideration of both the kind, character, and condition of the machinery, and the fence or guard."

Upon the question of proximate cause the following occurs among the court's instructions:

"Now in this case the only question that you have to consider under this head is: Was the fact that this machinery, dangerous machinery, was not sufficiently guarded for the protection of the employee in the performance of some duty which he was engaged in doing at the time—was that failure to be so guarded, what caused his injury?"

Upon the question of reasonable anticipation the court instructed the jury that this question would be considered by

them in connection with question No. 2, but laid down the following rule under question No. 3:

"If the case falls within the law which requires a party to securely guard certain machinery for the protection of employees, and the case is such as to show that the party has not complied with the law in that respect, that is an act which the law declares, as a legal proposition, negligence, and a man who is negligent in that way, by violating or failing to comply with the law which requires him to act in a certain way for the protection of the others, is charged by the law with knowledge of all that may result from his so acting, or, to put it in another way, the law presumes that he anticipates all the damage that may result, and does not allow him to say that the case was such that he should or ought not to reasonably anticipate."

Upon defendant's motion the trial court granted a new trial "on the ground that the court had committed prejudicial error in its charge to the jury."

This is an appeal from the order of the trial court granting the new trial.

For the appellant there was a brief signed by *Martin, Martin & Martin,* attorneys, and *A. M. Spencer,* of counsel, and oral argument by *P. H. Martin.*

For the respondent there was a brief by *Greene, Fairchild, North & Parker,* and oral argument by *H. O. Fairchild.*

SIEBECKER, J. The court awarded a new trial upon the ground that he had misdirected the jury as to the law applicable to the issues embraced in the questions of the special verdict and litigated upon the trial. The material parts of the charge to the jury are contained in the foregoing statement. The jury were instructed by the court that the machinery in question was so located as to be dangerous to defendant's employees in the discharge of their duties. The two inquiries, namely, (1) Was the machinery securely guarded for safeguarding the plaintiff in the discharge of his duties? and (2) If not, was the failure to securely guard it

the proximate cause of plaintiff's injuries? were submitted
to the jury accompanied by the instructions above referred
to.    It is conceded that the question of the defendant's duty
to the plaintiff is prescribed by sec. 1636$j$, Stats. (1898).
The measure of such duty has been fully considered and de-
clared in the recent cases of *West v. Bayfield M. Co.* 144 Wis.
106, 128 N. W. 992, and *Willette v. Rhinelander P. Co.* 145
Wis. 537, 130 N. W. 853.    These cases contain so full and
complete a consideration of the construction to be given sec.
1636$j$, Stats. (1898), as to preclude the necessity of a re-
examination thereof at this time, and they must be deemed
to declare the law for this case.    It is therein held that an
employer discharges the duty imposed by this statute as to
guarding shafting and gearing required to be guarded if he
provides "as effective a guard as such ordinarily careful and
prudent employers under like circumstances would and do
deem it their duty to furnish."    The second question in the
special verdict of the instant case submitted this issue to the
jury for determination upon the evidence before them.    To
guide them in resolving this issue the court instructed at
length as heretofore stated, and upon the motion for a new
trial concluded that he had committed prejudicial error be-
cause, as he states in granting the new trial, the charge "took
from the jury entirely the question of the defendant's negli-
gence as to the kind and condition of the guard, and held it
negligent *per se* because the guard provided and maintained
did not afford the plaintiff complete protection from the
gears."    If the instructions given the jury conveyed the idea
that the guard furnished must afford plaintiff complete
protection in the sense of insuring him against all possible
injury, then it was unquestionably error in the light of the
foregoing cases.    The court informed the jury that "the law
only required the guard or fence to be adequate for certain
purposes, which are safeguarding employees in the discharge
of their duties," and that the master need not guard against

the dangers to an employee incident to his doing an act not reasonably within the scope of his duty, or if he performed his duty in a negligent manner. As to proximate causation he instructed them as follows:

"First, there is the element of causal connection; direct operation of the cause to the production of the result. Now in this case the only question that you have to consider under this head is: Was the fact that this machinery, dangerous machinery, was not sufficiently guarded for the protection of the employee in the performance of some duty which he was engaged in doing at the time—was that failure to be so guarded, what caused his injury."

As to the element of reasonable anticipation in proximate causation the court directed the jury that it did not enter into the question of causation in this case, in view of the form of the previous inquiry submitted respecting the duty of the master to securely guard or fence the gearing. As to this the court informed the jury that:

"If the case falls within the law which requires a party to securely guard certain machinery for the protection of employees, and the case is such as to show that the party has not complied with the law in that respect, that is an act which the law declares, as a legal proposition, negligence, and a man who is negligent in that way, by violating or failing to comply with the law which requires him to act in a certain way for the protection of others, is charged by the law with knowledge of all that may result from his doing so; or, to put it in another way, the law presumes that he anticipates all the damage that may result, and does not allow him to say that the case was such that he should or ought not, to reasonably anticipate."

In the trial court's decision on the motion for a new trial he states that his view of the law at the time of the trial was that it required a guard that afforded absolute protection, and in default of providing such a guard the master was liable for the injuries directly caused thereby; and that he intended by the instruction given to take "from the jury en-

tirely the question of the defendant's negligence as to the kind and condition of the guard, and held it negligent *per se* because the guard provided and maintained did not afford the plaintiff complete protection from the gears." The result of this interpretation of the court's charge to the jury is that it holds the master to anticipate all possible injury that may result from a failure to securely guard dangerous machinery and hence makes him responsible for all injuries caused thereby, while in law he discharges his duty when he provides "as effective a guard as ordinarily careful and prudent employers under like circumstances would and do deem it their duty to furnish." *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992. While there is some basis for the claim that the charge of the court to the jury may in its entirety be said to have informed them of the correct legal rules prescribing defendant's duty toward the plaintiff and of the constituent elements of the grounds of its liability, it is not so clearly apparent that we can say that the jury undoubtedly understood and applied the law correctly in deciding the issue submitted to them. We therefore consider that we should accept the trial court's interpretation of the instructions given to the jury, and hence hold that they were prejudicially erroneous.

It is contended by the plaintiff's counsel that this error in the instructions is not prejudicial because the undisputed evidence shows that the defendant failed to furnish as effective a guard as ordinarily careful and prudent employers furnish under the same or similar circumstances. We have examined all the evidence in the case and are persuaded that we cannot say as matter of law that the defendant was guilty of a want of ordinary care in furnishing the guard it did. We do not deem it necessary to restate in detail any of the evidence relevant to this inquiry, since it can be of no assistance upon the retrial of the case.

In view of the fact that a new trial of the case must be had, no other question need be considered on this appeal.

*By the Court.*—The order appealed from is affirmed.

KERWIN and TIMLIN, JJ.   We concur in affirming the order appealed from, although we do not think the instructions given to the jury clearly erroneous.   But we defer to the opinion of the court below with reference to the probable misleading effect of the charge.   We do not concur with what is said in this opinion with reference to what was *decided* in *Willette v. Rhinelander P. Co.* 145 Wis. 537, 130 N. W. 853. In this latter respect the opinion in the instant case, as it seems to us, is demonstrably incorrect.

The following opinion was filed November 14, 1911:

WINSLOW, C. J. (*dissenting*).   The trial judge granted a new trial in this case because he thought he had erred in charging the jury that the guard required by sec. 1636*j* of the Statutes must be sufficient to safeguard the employee while discharging his duties.   He thought that this instruction was contrary to the doctrine of the cases of *West v. Bayfield M. Co.* 144 Wis. 106, 128 N. W. 992, and *Willette v. Rhinelander P. Co.* 145 Wis. 537, 130 N. W. 853, recently decided by this court, and hence that there was prejudicial error.   I think the circuit judge was right in his charge and wrong in his conclusion as to the effect of the cases named.

Those cases hold, in substance, that an employer is not an insurer of his employees' safety under the act named, and that the instruction given in the *West Case,* to the effect that the employer must "guard the gearing safely, that the persons who work about the building should be *secure* against danger or violence while performing their work," could only be construed as meaning that the employer must *insure* the employee against injury from the gearing.

I do not regard the instruction in the present case as the equivalent of the instruction in the *West Case* even standing alone, but furthermore it will be seen in the present case that the circuit judge in that immediate connection told the jury that the question was whether the gearing was sufficiently guarded so as to safeguard an employee while doing an act which the employer should reasonably anticipate he might perform in the discharge of his duty, and while the employee was *in the exercise of ordinary care.* There was no such limitation or qualification in the *West Case.* Had there been I do not think the case would have been decided as it was, for I am quite certain I should not have concurred in the holding that there was error. To safeguard an employee while discharging his duty in the exercise of ordinary care is not, as it seems to me, the equivalent of guarding the gearing so that the employee shall be secure from danger or violence while performing his work. One instruction requires the employee to be exercising usual and ordinary care, the other does not, but carries the necessary implication that whether he is exercising care or not he must be protected from injury.

So I think there was no error in the court's charge in the present case in this particular. The new trial was granted because of a supposed erroneous instruction, not because the trial judge was dissatisfied with the verdict and exercised his discretion. There being, as I think, no such error, the order should be reversed. I would not hold a correct charge erroneous because the trial judge wrongly thought it was erroneous.

See Laws of 1911, ch. 396, amending sec. 1636*jj*, Stats.—Rep.